*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00126-CV

**IN THE INTEREST OF T.C.**, et al., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-01834
Honorable Charles Montemayor, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed: June 9, 2010

AFFIRMED

Anthony A. appeals the trial court's order finding that an appeal of the order terminating his parental rights would be frivolous. In his statement of appellate points, Anthony asserted sufficiency challenges to the trial court's findings on three grounds to support termination under section 161.001(1) of the Texas Family Code ("Code"). Anthony also asserted a sufficiency challenge to the trial court's finding that termination was in the best interest of the children. As an appellate court, we may not consider any issue on appeal that was not specifically presented to the trial court in Anthony's statement of appellate points. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008).

One of the issues raised by Anthony is whether the trial court erred in using the grounds set forth in section 161.001(1) as a basis for termination since Anthony was only an alleged father.

Anthony contends that these grounds apply only to parents and not to alleged fathers. Because Anthony did not raise this issue in his statement of appellate points, we may not consider it. *Id*.

Anthony also challenges the sufficiency of the evidence to support the trial court's finding that termination was in the best interest of the children. In addition to finding three grounds to support termination under section 161.001(1), the trial court also found, "after having waived service of process or being served with citation . . . [Anthony] did not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing." This finding supports termination under section 161.002(b)(1) of the Code, which does not require a finding that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.002(b)(1) (Vernon Supp. 2009); *In re A.D.*, No. 04-02-00310-CV, 2002 WL 31829510, at *2 (Tex. App.—San Antonio Dec.18, 2002, no pet.) (mem. op.); *Phillips v. Texas Dept. of Protective & Regulatory Servs.*, 25 S.W.3d 348, 357 (Tex. App.—Austin 2000, no pet.). Because Anthony did not challenge the trial court's finding under section 161.002(b)(1) in his statement of appellate points, the trial court did not abuse its discretion in finding an appeal challenging the sufficiency of the evidence to support the best interest finding would be frivolous.

Finally, Anthony contends trial counsel was ineffective in failing to object to the trial court's consideration of the grounds set forth in section 161.001(1) as a basis for termination since Anthony was only an alleged father. We note that Anthony is entitled to raise his ineffective assistance complaint on appeal even though it was not raised in his statement of appellate points. *See In re J.O.A.*, 283 S.W.3d 336, 347 (Tex. 2009). In order to establish counsel was ineffective, however, Anthony is required to show: (1) counsel's performance was deficient; and (2) the deficient

performance prejudiced Anthony's defense. *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003). To show prejudice, Anthony needs to show a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficient performance. *Id*. at 549-50. In this case, the failure by Anthony's attorney to object to the trial court's consideration of the section 161.001(1) grounds was not deficient since those grounds also apply to an alleged father. *In re D.M.F.*, 283 S.W.3d 124, 131 (Tex. App.—Fort Worth 2009, pet. granted, judgm't vacated w.r.m.). Moreover, even if we were to assume the trial court could not consider the section 161.001(1) grounds, Anthony could not show that the result of the proceeding would have been different because the trial court also found termination was supported by the ground set forth in section 161.002(b)(1).

The trial court's order is affirmed.

Catherine Stone, Chief Justice